United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60016
Summary Calendar

TEREZA TEWELDE PAULOS,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 881 269

Before JOLLY, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Tereza Tewelde Paulos, a native and citizen of Eritrea, petitions this court for review of a decision by the Board of Immigration Appeals summarily affirming the Immigration Judge's denial of Paulos's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]*See* 8 U.S.C. § 1158; 8 U.S.C. § 1231 (b)(3)(A); 8 C.F.R. §§ 208.16 - 208.18.

To demonstrate that she is a refugee, Paulos needed to make a showing of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[2] An applicant "may qualify as a refugee either because . . . she has suffered past persecution or because . . . she has a well-founded fear of future persecution."[3] A finding of past persecution gives rise to a presumption of a well-founded fear of future persecution; however, that presumption may be rebutted if a preponderance of the evidence demonstrates that conditions have changed.[4] The IJ determined that Paulos's assertions of past persecution on account of a protected ground were not credible.

Paulos has failed to address the IJ's adverse credibility determination in her petition for review and, thus, any challenge to this determination is waived.[5] Even had Paulos challenged the IJ's credibility findings, the record does not compel a contrary

---

[2] 8 U.S.C. § 1101(a)(42)(A).

[3] 8 C.F.R. § 1208.13(b).

[4] *See* 8 C.F.R. § 1208.13(b)(1).

[5] *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (treating as abandoned "issues concerning the merits of his immigration appeal" since petitioner failed to argue that agency finding was not supported by substantial evidence); *cf. Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (failure to raise CAT claim in petition for review constitutes waiver).

conclusion.[6]   Consequently, we need not consider the IJ's alternative determination that the government had rebutted any presumption that had been raised as to a well-founded fear of persecution.

Paulos concedes that she is not eligible for voluntary departure.  Paulos also concedes that as the standards for withholding of removal and relief under the CAT are higher than the standard required to obtain asylum, if she fails in her request for asylum, her requests for withholding of removal and relief under the CAT likewise fail.

Accordingly, Paulos's petition for review is DENIED.

---

[6]*See Lopez de Jesus v. INS*, 312 F.3d 155, 161 (5th Cir. 2002) ("[S]uch a credibility determination may not be overturned unless the record compels it."); *Efe v. Ashcroft*, 293 F.3d 899, 905 (5th Cir. 2002) ("Credibility determinations are given great deference."); *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) ("We cannot substitute our judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations.").